# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luis Rivas-Martinez | ) | Case No. |
| | ) | 6:25-mj- 1645 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 25, 2025** in the county of **Brevard** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:
See affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Lacey E. O'Neal, BPA, DHS
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 06/26/2025

*David A. Baker*
*Judge's signature*

City and state: Orlando, Florida        David A. Baker, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                              CASE NO. 6:25-mj- 1645

COUNTY OF BREVARD

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of a criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service ("INS"). I have been so employed since September 7, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a BPA, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below-

listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On June 25, 2025, the Brevard County Sheriff's Office ("BCSO") contacted the Orlando Border Patrol Station in reference to Luis RIVAS-MARTINEZ. RIVAS-MARTINEZ was the driver of a vehicle that a BCSO deputy conducted a traffic stop on due to a window tint violation in Rockledge, Florida.[1] When the BCSO deputy asked for RIVAS-MARTINEZ's driver's license, he produced a Mexican ID card. The BCSO deputy placed RIVAS-MARTINEZ under arrest for no driver's license and contacted the Orlando Border Patrol Station for further assistance. During the interview, agents gathered personal identifying information (name, date of birth, place of birth, etc.) from RIVAS-MARTINEZ's ID card. An immigration detainer was placed on RIVAS-MARTINEZ.

4. CBP record checks on RIVAS-MARTINEZ's biographical information confirmed that he is a citizen and national of Mexico with no lawful immigration status in the United States. RIVAS-MARTINEZ also has an Alien File Number (A xxx xxx 435), which contains his immigration history. On June 25, 2025, Border Patrol Agents went to the Brevard County Jail and retrieved RIVAS-MARTINEZ after he was ready for release from

---

[1] Rockledge is in Brevard County, within the Middle District of Florida.

state custody. RIVAS-MARTINEZ was transported to the Orlando Border Patrol Station for a fingerprint comparison to RIVAS-MARTINEZ's known fingerprints from his alien file. On June 25, 2025, the database indicated a match of the fingerprints.

5. Documents in the alien file also show that RIVAS-MARTINEZ has been previously ordered deported/removed from the United States to Mexico by an Immigration Judge on March 16, 2005. RIVAS-MARTINEZ was then physically deported/removed from the United States to Mexico on March 24, 2005, through Hidalgo, Texas. RIVAS-MARTINEZ was found to be present in the United States a second time on February 14, 2013. After having his prior order of removal reinstated, RIVAS-MARTINEZ was then physically removed from the United States to Mexico on February 26, 2013, through Miami, Florida. On March 16, 2013, RIVAS-MARTINEZ was found a third time to be present in the United States. His prior order of removal was again reinstated, and on March 21, 2013, RIVAS-MARTINEZ was physically removed to Mexico from the United States through Calexico, California.

6. There is no record of RIVAS-MARTINEZ ever receiving the consent of the Attorney General of the United States or the U.S. Secretary of the Department of Homeland Security for permission to reapply for admission to the United States after RIVAS-MARTINEZ's prior deportation/removal.

7.   Based on the foregoing, there is probable cause that on June 25, 2025, Luis RIVAS-MARTINEZ was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my Affidavit.

Lacey E. O'Neal,
Border Patrol Agent

Affidavit submitted by email and attested to me as true and accurate via video conference and/or telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 26 day of June, 2025.

*David A. Baker*

HON. DAVID A. BAKER
United States Magistrate Judge

4